HESKETT *v.* McREE, TREASURER.

4-8859 · 220 S. W. 2d 422

Opinion delivered May 16, 1949.

*Dinning & Dinning,* for appellant.

*C. L. Polk, Jr.,* for appellee.

GEORGE ROSE SMITH, J.   Appellant brought this action for a writ of mandamus to compel the county treasurer to pay school warrants in the amount of $180.   The appeal is from the trial court's refusal to grant the relief sought.

These warrants were issued by School District No. 27 in October and November, 1944, ostensibly in payment for services performed by Sarah Burton as a school teacher and by her brother as a janitor.   They were presented to the county superintendent for countersignature as required by Ark. Stats. (1947), § 80-1004, but for reasons not disclosed by the record that official refused to sign them.   No further action appears to have been taken by the payees until April, 1948, when the appellant, to whom the warrants had been assigned for convenience, filed a suit to compel the superintendent to sign the warrants and the county treasurer to pay them. The court ordered the superintendent to affix his signature but dismissed the action as to the treasurer, without prejudice.

In obedience to the court's order the superintendent countersigned the instruments.   The present suit was

then brought. At the trial it was shown that District No. 27 had gone out of existence in 1947, having become a part of Consolidated District No. 2. The appellee defended the suit on the ground that she had no funds to the credit of District No. 27 and that she was prohibited by Ark. Stats. (1947), § 80-1003, from paying out of current revenues school indebtedness incurred in an earlier year.

We find it unnecessary to decide these questions, as we have concluded that the appellee is not the proper defendant. Although it is provided by Ark. Stats. (1947), § 80-423, that a consolidated district is liable for the debts of its constituent districts, the statute also states that it may be sued therefor. We do not construe the Act to mean that the new district must pay every outstanding warrant issued by its predecessors, regardless of validity. It may be that the warrants now presented are invalid for any of several possible reasons, such as forgery of the directors' signatures, want of consideration, etc. The real party in interest is the consolidated district, whose funds will be used to pay the claims. It has not been made a party to either suit and has had no opportunity to present its defenses. It is not unreasonable to assume that its directors have a reason for failing to set aside funds for the payment of these warrants. If there is a valid defense it would be circumvented if the appellant were permitted to proceed directly against the county superintendent and treasurer, without making the district a party. We accordingly affirm the action of the trial court, without prejudice to appellant's right to pursue the consolidated district.